UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL CHRISTY,

    Plaintiff,

v.                                                                                                          Case No: 8:15-cv-2888-T-27MAP

THE NFL ALUMNI ASSOCIATION and
JOSEPH PISARCIK,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Dismiss (Dkt. 43), Defendants' opposition (Dkt. 46), and Plaintiff's reply (Dkt. 49). Upon consideration, the Motion is **GRANTED**.

Plaintiff moves to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2), intending to pursue his claims in state court with related claims pending there which are based on identical facts. Defendants oppose the motion, contending that they will suffer prejudice and that this is forum shopping.

**Standards for dismissal without prejudice**

After an answer has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action without prejudice only "upon order of the court and upon such terms and conditions as the court deems proper." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). In most cases, voluntary dismissal should be granted unless the defendant will suffer "clear legal prejudice, other than the prospect of a subsequent lawsuit." *Id.* The "crucial question" is whether the defendant would lose any substantial right by the dismissal. *Id.*

1

In determining whether dismissal should be granted, the interests of the defendant are to be considered, as "Rule 41(a)(2) exists chiefly for protection of defendants," but "the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015) (citations and quotations omitted).

**Discussion**

Here, Defendants have not identified any substantial right they would lose if dismissal is granted. They make much of their pending motion for partial summary judgment, in which they seek to limit Plaintiff's damages to a "few thousand dollars."[1] However, this Circuit has "decline[d] to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice." *Pontenberg*, 252 F.3d at 1256, 1258 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss."), citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967). Further, "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.*[2]

---

[1] In their motion for partial summary judgment (Dkt. 26), Defendants seek only to limit damages (Dkt. 46, p. 4-5) ("If the NFLAA's motion for partial summary judgment is granted, it will reduce Christy's damages to a few thousand dollars."). And the motion was filed with leave of court to address a discrete contractual provision, without prejudice to the filing of a future motion for summary judgment by the February 24, 2017 deadline set in the Case Management and Scheduling Order.

[2] Defendants' reliance on *McBride v. JLG Indus., Inc.*, 189 F. App'x 876 (11th Cir. 2006) is misplaced. Unlike here, the plaintiff in *McBride* conceded that "he could not survive Defendant's motion for summary judgment." *Id.* at 877. And the district court found that his motion to dismiss was "solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions," an entirely different circumstance than what is presented here. *Id.* at 878.

Defendants also argue that Plaintiff delayed in seeking dismissal because he knew of the facts supporting his motion to dismiss as early as October 2015. The record belies this contention. While Plaintiff filed his counterclaim alleging tortious interference against Bouldin and the NFLAA more than a year ago in the state court case, he only recently acquired evidence from the NFLAA during discovery in this case which he contends supports the existence of a conspiracy to interfere between Defendants, Bouldin, and Bouldin's agent, Davis.[3] (*See* Dkt. 49-1, 49-2). His discovery request which produced this evidence was served in early August 2016. After an extension was granted to Defendants, the evidence was produced on October 4, 2016. Based on this evidence, Plaintiff moved to amend his state court counterclaim on October 26, and on November 4, 2016, the state court granted leave to amend the counterclaim to include the conspiracy claim against Bouldin, the NFLAA, Pisarcik, Davis, and others. (Dkt. 49-3; *see also* Dkt. 46-2).

Finally, Defendants' argument that Plaintiff is forum shopping is unpersuasive. First, as Plaintiff points out, he originally brought this case in state court and Defendants removed it to federal court. And while Plaintiff may ultimately gain a tactical advantage by pursuing his claims in state court does not constitute clear legal prejudice. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986).

In sum, dismissing Plaintiff's claims to allow him to pursue them in the state court case will not cause Defendants to suffer clear prejudice or lose a substantial right. There is no evidence or

---

[3] In the related state court action, Christy and his partner, David Constable, were sued by Bouldin for fraud in the inducement, breach of contract and unjust enrichment arising from the same Consulting Agreement at issue in this case. Christy and Constable filed a counterclaim against Bouldin, asserting claims for breach of the Consulting Agreements and a permanent injunction. On October 4, 2016, Plaintiff received documents responsive to discovery requests which included text messages between Pisarcik and Davis which Plaintiff contends support allegations of a conspiracy. (*See* Dkts. 49-1, 49-2). To that end, he filed a motion to amend his state court counterclaim to add a conspiracy claim.

indication that Plaintiff or his counsel have acted in bad faith. Plaintiff's explanation for moving to dismiss is understandable, and reasonable. Nor have Defendants shown that Plaintiff engaged in undue delay or lack of diligence in prosecuting this action. And finally, it would appear that litigating the claims in this case with the closely related claims in the state court case would better serve judicial economy, and avoid the likelihood of two trials in different courts.

**Costs**

In exercising its "broad equitable discretion under Rule 41(a)(2)," a district court may impose "such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. More specifically, dismissal without prejudice will ordinarily not be permitted under Rule 41(a)(2) "after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *Id.* at 860. And costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *Id.*

Defendants request "payment of all attorneys' fees and awardable costs Defendants have incurred and will incur in the above-styled case" (Dkt. 46, p. 1). But Defendants cite no authority supporting an award of *all* fees and costs. Moreover, directing payment of all of Defendants' fees and costs would appear to be unreasonable, since the discovery obtained in this case will undoubtedly be available to the parties for use in the state court proceedings. And while interrogatories and production requests were served, depositions have been taken, and Defendants may have incurred considerable litigation expense, "[j]ust how much of the work done by [Defendants] in this case was wasted and how much will be useful in further litigation in [state court] is not clear." *Id.* at 860.

Accordingly, Plaintiff's Motion to Dismiss (Dkt. 43) is **GRANTED.** This case is **DISMISSED** *without prejudice,* on condition that Plaintiff reimburse costs Defendants have incurred which are determined to have been wasted. Jurisdiction is reserved to determine such costs on proper application and in accordance with Local Rule 4.18. All pending motions are **DENIED** *as moot*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 21st day of December, 2016.

          JAMES D. WHITTEMORE
          United States District Judge

Copies to: Counsel of Record